IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

IN RE:                                      )
                                            )
THE HEALTHY BACK STORE, LLC    )        Case No. 15-14653 WIL
                                            )        (Chapter 11)
         Debtor                             )

**EMERGENCY MOTION FOR THE ENTRY OF INTERIM
ORDER PURSUANT TO SECTION 364 OF THE BANKRUPTCY CODE
(A) AUTHORIZING THE DEBTOR TO OBTAIN DEBTOR-IN-POSSESSION
FINANCING, (B) GRANTING SECURITY INTERESTS AND SUPER PRIORITY
CLAIMS, (C) APPROVING AGREEMENT RELATING TO THE FOREGOING,
(D) GRANTING RELATED RELIEF, AND (E) SCHEDULING A
HEARING ON THE MOTION PURSUANT TO BANKRUPTCY RULE 4001(C)**

The Healthy Back Store, LLC (the "Debtor"), debtor and debtor-in-possession in the above-styled chapter 11 case, files this emergency motion (the "Motion") for the entry of an order pursuant to section 105 and section 364 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (as amended, the "Bankruptcy Code") and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (a) authorizing the Debtor to obtain debtor-in-possession financing, (b) granting security interests and superpriority claims, (c) approving the agreements related to the foregoing, and (d) granting related relief. In support of this Motion, the Debtor respectfully states as follows:

**PRELIMINARY STATEMENT**

1.      In order to provide the Debtor with the necessary funding to prevent the Debtor from having a cash shortfall, Healthy Back Brand Holdings, LLC[1] (the "DIP Lender") has agreed to provide the Debtor with debtor-in-possession financing pursuant to that certain Post-Petition Loan and Security Agreement (the "Post-Petition Credit Agreement," a copy of which is attached

---

[1] This entity is owned, in part, by Anthony Mazlish, CEO of the Debtor.

hereto as <u>Exhibit A</u>).  Therefore, the Debtor request that the Court authorize them to obtain post-petition financing from the DIP Lender pursuant to the Post-Petition Credit Agreement.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On April 1, 2015, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtor continues to operate its business and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Debtor is a Delaware limited liability company with its principal place of business at 10300 Southard Drive, Beltsville, Maryland 20705.  The Debtor operated nineteen (19) retail stores and three (3) warehouses in Maryland, Virginia, California, North Carolina, Florida, Colorado and Kentucky.  The Debtor sells ergonomic mattresses, adjustable beds, office, lounge and massage chairs, seat lift chairs, comfort accessories and other furniture.

5. As of the Debtor' last payroll, the Debtor employed approximately 71 employees (including 34 part-time employees).

6. In 2015, the Debtor had total sales of approximately $19 million.

## RELIEF REQUESTED

7. Currently, the Debtor has insufficient funds to continue operating its business.  The Debtor is operating by virtue of Mazwill Partners, LLC's agreement to advance funds under the pre-petition Loan Documents and through the use of cash collateral.

8. By this Motion, the Debtor respectfully requests the entry of interim and final orders pursuant to sections 105, 362 and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 9014 (a) granting authority for the Debtor to obtain secured debtor-in-possession financing, (b) granting security interests and superpriority claims, (c) approving the Post-Petition Loan and Security Agreement and all other documents related thereto, and (d) granting related relief.

## THE NEED FOR FINANCING

9. Prior to filing its Chapter 11 petition, the Debtor negotiated and entered into an Asset Purchase Agreement ("APA") with Healthy Back Brand Holdings, LLC.

10. At this point, the Debtor has insufficient funds to continue to operate until the sale of its assets and to fund expenses on a going forward basis.

11. The Debtor believes that selling substantially all of its assets will provide the greatest return to creditors.

12. Accordingly, the Debtor seeks authority to enter into the Post-Petition Credit Agreement with the DIP Lender to ensure that sufficient financing will be available to fund operations and to pay such other business expenses necessary to preserve the Debtor's business.

## SUMMARY OF THE DIP FACILITY

13. As set forth in more detail in the Post-Petition Credit Agreement, the loan from the DIP Lender (the "Post-Petition Credit Facility") contains the following pertinent terms.[2]

---

[2] This Motion contains only a summary of the terms of the Post-Petition Credit Agreement. Parties in interest are encouraged to review the Post-Petition Credit Agreement in detail. To the extent of any differences between this summary and the Post-Petition Credit Agreement, the Post-Petition Credit Agreement controls.

| | |
|---|---|
| BORROWER: | The Healthy Back Store, LLC |
| LOAN COMMITMENT: | Up to $400,000.00.[3]  Amounts borrowed and repaid may be reborrowed on any Business Day, but excluding the Maturity Date. |
| USE OF PROCEEDS: | The proceeds of the Loan shall be used solely in accordance with the Budget attached hereto, to finance ordinary course working capital expenses and ongoing administrative expenses of Borrower during the Chapter 11 Case. |
| INTEREST: | 5.5% per annum.  Interest shall accrue and be due and payable in full on the Maturity Date. |
| OPTIONAL PREPAYMENT OF LOANS: | Optional prepayment, without penalty or premium. |
| LIENS AND SUPERPRIORITY CLAIMS: | Super-priority liens, except as set forth in the Post-Petition Credit Agreement, replacements liens on the Collateral. |
| COLLATERAL: | All assets of Borrower which shall, in all events, include all receivables generated by the business of Borrower. |
| REPRESENTATIONS AND WARRANTIES: | Customary representations and warranties for a transaction of this nature, including, without limitation, the representations and warranties of Borrower. |
| COVENANTS: | Customary covenants for a transaction of this nature, including, without limitation, compliance with the covenants made by Borrower. |
| EVENTS OF DEFAULT: | Customary events of default for a transaction of this nature. |
| MATURITY: | June 25, 2015, unless extended by consent or Court Order. |

---

[3] Debtor seeks approval for $150,000.00 in this Interim Order and an additional approval for $250,000 in the Final Order.

## BASIS FOR RELIEF

14. Section 364 of the Bankruptcy Code provides, in pertinent part, as follows:

(a) unless the court orders otherwise, the trustee[4] may obtain unsecured credit and incur unsecured debt in the ordinary course of business allowable under section 503(b)(1) of this title as an administrative expense.

(b) The court, after notice and a hearing, may authorize the trustee to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of this section, allowable under section 503(b)(1) of this title as an administrative expense.

(c) If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt –

(1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title;

(2) secured by a lien on property of the estate that is not otherwise subject to a lien; or

(3) secured by a junior lien on property of the estate that is subject to a lien.

(d) (1) The court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if –

(A) the trustee is unable to obtain such credit otherwise; and

(B) there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior or equal lien is proposed to be granted.

See 11 U.S.C. § 364(a) through (d)(1).

15. Section 364 of the Bankruptcy Code provides bankruptcy courts with the power to authorize post-petition financing for a Chapter 11 debtor-in-possession. See In the Matter of Vineyard Bay Develop. Co., Inc., 132 F.3d 269, 272 (5th Cir. 1998); see also In re Pro Set, Inc.,

---

[4] Under section 1107(a) of the Bankruptcy Code, a debtor-in-possession has substantially all the rights and powers of a trustee in a chapter 11 case.

193 B.R. 812, 814 (Bankr. N.D. Tex. 1996) (court's prior order authorized debtor to incur post-petition indebedness under section 364); see also In re Defender Drug Stores, Inc., 126 B.R. 76, 81 (Bankr. D. Ariz. 1991). "Having recognized the natural reluctance of lenders to extend credit to a company in bankruptcy, Congress designed [section] 364 to provide 'incentives to the creditor to extend post-petition credit.'" See Defender Drug Store, 126 B.R. at 81. The incentives enumerated in section 364 are not intended to be an exhaustive list of the inducements that a court may grant. Id. In fact, it is not uncommon for a court to approve a lending arrangement containing terms that far exceed those authorized by section 364. Id.

16.   Generally, courts apply a three-part test to determine whether credit obtained may be granted under section 364(c). The three-part test includes demonstrating that (i) the debtor cannot obtain credit unencumbered or without superpriority status, (ii) the credit transaction is necessary to preserve the assets of the estates, and (iii) the terms of the credit agreement are fair, reasonable and adequate given the circumstances of the debtor-borrower and the proposed lender. See In re Crouse Group, Inc., 71 B.R. 544, 549 (Bankr. E.D. Pa. 1987), aff'd, 75 B.R. 553 (E.D. Pa. 1987).

17.   Against this statutory backdrop, courts will evaluate the facts and circumstances of a debtor's case and accord significant weight to the necessity for obtaining the financing. See In re Ames Dep't Stores, Inc., 115 B.R. 34, 40 (Bankr. S.D.N.Y. 1990). Debtor-in-possession are generally permitted to exercise their basic business judgment consistent with their fiduciary duties when evaluating the necessity of proposed protections for a party extending credit under section 364 of the Bankruptcy Code. Id. at 38. Further, in satisfying the standards of section 364 of the Bankruptcy Code, a debtor does not need to seek credit from every possible source. Rather, it should make a reasonable effort to seek other sources of credit of the type set forth in

sections 364(a) and (b).  See <u>In re Snowshoe Co.</u>, 789 F. 2d 1085, 1088 (4th Cir. 1986) (finding that trustee had demonstrated good faith effort that credit was not available without granting of senior liens: "the statute imposes no duty to seek credit from every possible lender before concluding that such credit is unavailable").

18.     In light of the circumstances in which the Debtor needs funding, including the limited amount of time within which such funding is needed, it was not possible for the Debtor to obtain its post-petition working capital financing on an unsecured basis pursuant to section 364(a) or 364(b) of the Bankruptcy Code.  The Debtor determined that it would not be able to obtain financing other than by offering the relevant debtor-in-possession lender liens over the Debtor's property.  The circumstances of this case dictate that the Debtor obtain its financing under section 364(c) of the Bankruptcy Code.  Authorizing the Debtor to enter into the Post-Petition Credit Agreement with the DIP Lender is necessary and appropriate to preserve the value of the Debtor's estate for all parties-in-interest.

19.     Finally, the Debtor believes that the terms and conditions of the Post-Petition Credit Facility are fair and reasonable.  The Post-Petition Credit Facility is necessary to support the ongoing operations of the Debtor.  The Debtor believes that the proposed Post-Petition Credit Facility is the only financing available under the circumstances and well within the exercise of sound business judgment.  Based on the foregoing, the Debtor requests that the Court authorize it to enter into the Post-Petition Credit Agreement and related documents and obtain postpetition financing from the DIP lender pursuant to the terms contained therein.

### Interim Approval of the DIP Financing Should Be Granted

20.     Bankruptcy Rule 4001(c) provides that a final hearing on a motion to obtain post-petition credit pursuant to section 364 of the Bankruptcy Code may not be commenced earlier than fifteen (15) days after the service of such motion.  See Fed. R. Bankr. P. 4001(c)(2).  Upon

request, however, the Court is empowered to conduct a preliminary expedited hearing on the motion and authorize the obtaining of credit to the extent necessary to avoid immediate and irreparable harm to a debtor's estate. Id.

21. Pursuant to Bankruptcy Rule 4001(c), the Debtor requests that the Court conduct a preliminary expedited hearing (the "Interim Hearing") for the entry of an interim order (the "Interim Order") authorizing the Debtor to obtain working capital advances under the Post-Petition Credit Facility up to $150,000.00 pending a final hearing on the Motion (the "Final Hearing"). Such relief is necessary if the Debtor is to maintain its operations during the sale process.

22. The Debtor has an urgent and immediate need for cash to continue to operate its business. Without sufficient cash to operate and pay expenses, the Debtor will not be able to sell its assets efficiently.

23. The Debtor does not have sufficient time to attempt to obtain unsecured credit or debt allowable as an administrative expense under section 503(b)(1) of the Bankruptcy Code in an aggregate amount sufficient and readily available to pay the expense described above. Moreover, under the present circumstances and posture of this proceeding, the Debtor does not believe it would be able to obtain unsecured credit to fund its operations. Therefore, absent interim approval of the Post-Petition Credit Facility at this critical juncture, the preservation of the value of the Debtor's business and assets for the benefit of all parties will be jeopardized. In the circumstances of this Chapter 11 Case, granting the relief requested in this Motion is in the best interests of the Debtor, its estate and creditors.

24. No prior request for the relief sought in this Motion has been made to this or any other court.

**CONCLUSION**

**WHEREFORE**, the Debtor respectfully requests the entry of interim and final orders pursuant to sections 105, 362 and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001 and 9014 (a) granting authority for the Debtor to obtain secured debtor-in-possession financing, (b) granting security interest and superpriority claims, (c) approving the Post-Petition Credit Agreement and all other documents related thereto and (d) granting related relief.

Respectfully submitted,

**SHULMAN, ROGERS, GANDAL,
PORDY & ECKER, P.A.**

By:  /s/ Michael J. Lichtenstein
     Michael J. Lichtenstein (Bar No. 05604)
     Amy M. Simon (Bar No. 30188)
     12505 Park Potomac Avenue, Sixth Floor
     Potomac, Maryland 20854
     TEL:  (301) 230-5231 (Lichtenstein)
           (301) 945-9238 (Simon)
     FAX:  (301) 230-2891
     Email: mjl@shulmanroges.com
            asimon@shulmanrogers.com

*Attorneys for Debtor*

Dated:  April 2, 2015

5435877_1.doc