IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| THE HEALTHY BACK STORE, LLC | ) | Case No. 15-14653 WIL |
| | ) | (Chapter 11) |
| Debtor | ) | |

**MOTION FOR ENTRY OF AN ORDER APPROVING
SALE OF SUBSTANTIALLY ALL OF DEBTOR'S ASSETS**

The Healthy Back Store, LLC (the "Debtor"), debtor and debtor-in-possession, by and through its undersigned counsel, hereby moves this Court for the entry of an Order approving the sale of substantially all of its assets (the "Sale"), and states as follows:

1. On April 1, 2015 (the "Petition Date"), the Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code initiating this case.

2. The Debtor sells ergonomic mattresses, adjustable beds, office, lounge and massage chairs, seat lift chairs, comfort accessories and other furniture.

3. Prior to the Petition Date, the Debtor experienced financial difficulties.

4. For more than 18 months, the Debtor attempted to restructure or to sell some or all of its stores. Amongst others, the Debtor engaged in discussions with other competitors in the industry and others with respect to purchasing assets and/or investing equity in the Debtor. No offers have been received.

5. The Debtor has determined in its business judgment that the most likely highest recovery for creditors will be through the sale of substantially all of its assets.

6. Attached hereto as <u>Exhibit A</u> is a copy of an Asset Purchase Agreement (the "APA") signed by Healthy Back Brand Holdings, LLC (the "Purchaser"). The Purchaser is owned, in part, by Tony Mazlish, the Debtor's CEO.

7. The Debtor seeks approval of the sale of substantially all of its assets to the Purchaser, subject to higher and better offers.

8. The APA provides *inter alia*: the Purchaser shall purchase substantially all of the Debtor's assets) in exchange for a total purchase price of $3,562,102.00, consisting of:

    (i) assumption of the $868,613.00 secured loan;

    (ii) assumption of certain of the Debtor's liabilities, including customer deposits, in the aggregate amount of $2,493,489.00;

    (iii) $200,000.00 in cash; and

    (iv) assumption of the Debtor's real estate leases and certain operating contracts.

## Argument

9. Section 363(b) of the Bankruptcy Code provides that a debtor "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." *See In re Ames Dept. Stores, Inc.*, 136 B.R. 357, 359 (Bankr. S.D.N.Y. 1992) (noting that "going-out-of-business" sales are governed by § 363(b)). To obtain court approval to use property under § 363(b) of the Bankruptcy Code, the Debtor need only show a legitimate business justification for the proposed action. *See, e.g., Myers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper (In re Schipper)*, 993 F.2d 513, 515 (7th Cir. 1991)); *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (7th Cir. 1983) (same).

10. In the exercise of its business judgment, the Debtor believes that this Court should approve the Sale to the Purchaser, subject to higher and better offers.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order:

A. approving the Sale to the Purchaser on the terms set forth in the Asset Purchase Agreement; and

B. for such other and further relief as is just and equitable.

Respectfully submitted,

**SHULMAN, ROGERS, GANDAL, PORDY & ECKER, P.A.**

By: /s/ Michael J. Lichtenstein
Michael J. Lichtenstein (Bar No. 05604)
Amy M. Simon (Bar No. 30188)
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland 20854
TEL: (301) 230-5231 (Lichtenstein)
(301) 945-9238 (Simon)
FAX: (301) 230-2891
Email: mjl@shulmanroges.com
asimon@shulmanrogers.com

*Attorneys for Debtor*

Dated: April 2, 2015

5434012_1.doc