

**WENDELIN I. LIPP
U. S. BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| THE HEALTHY BACK STORE, LLC | ) | Case No. 15-14653 WIL |
| | ) | (Chapter 11) |
| Debtor | ) | |

ORDER ESTABLISHING BIDDING PROCEDURES
IN CONNECTION WITH THE SALE OF SUBSTANTIALLY
ALL OF THE DEBTOR'S ASSETS

This matter having come before the Court on The Healthy Back Store, LLC's (the "Debtor") Motion for Entry of an Order Establishing Bidding Procedures (the "Motion") in connection with the Sale of Substantially all of Debtor's Assets, and after notice and a hearing conducted, it is by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the Motion be, and the same is hereby, GRANTED; and it is further

**ORDERED**, that the bid procedures set forth herein be, and the same hereby are APPROVED; and it is further

**ORDERED**, that the Debtor shall conduct an auction at Shulman, Rogers, Gandal, Pordy & Ecker, P.A., 12505 Park Potomac Avenue, Sixth Floor, Potomac, Maryland 20854, commencing at 9:00 a.m. on May 26, 2015 (the "Auction Sale"), and the Court shall conduct a

hearing on approval of the Sale immediately after the auction, if any, or commencing on May 27, 2015 at 10:30 a.m.; and it is further

**ORDERED**, that any objections to entry of an Order approving the Sale must be in writing and be filed with the United States Bankruptcy Court for the District of Maryland (and served upon counsel for the Debtor, no later than 4:00 p.m. Eastern Time on the date that is two (2) business days before the Auction Sale and that any person objecting to the Sale after the auction may present such objection at the hearing scheduled for May 27, 2015 at 10:30 a.m.

## BID PROCEDURES

A.  Bid Procedures:

  a.  All bids for the Asset Sale shall be in the form of the asset purchase agreement submitted by the Purchaser (the "Bid") and shall be delivered to counsel for the Debtor, Shulman, Rogers, Gandal, Pordy & Ecker, P.A., 12505 Park Potomac Avenue, Sixth Floor, Potomac, Maryland 20854, Attn: Michael J. Lichtenstein, Fax No. (301) 230-2891 on the date three (3) business days before the Auction Sale (the "Bid Date"); and

  b.  Any Bid(s) shall be irrevocable until the conclusion of the Auction, if any, and shall:

     i.  contain a description of the bidder(s)' business;

     ii. include such prospective bidder(s)' financial statements for the preceding two years or other evidence of financial ability;

     iii. such Bid (a) at a minimum, provides for aggregate consideration of at least $100,000.00 over and above the Purchase Price, (b) provide for the payment in cash at the Closing of any outstanding amounts owed under any DIP loans approved by this Court, (c) is not conditioned on the outcome of due diligence by the bidder(s) with respect to the Debtor's assets that is not completed by the time of the Auction, (d) is not conditioned on the bidder(s)' ability to obtaining financing, and (e) provides the same or better terms as contained in the Purchaser's offer;

     iv. be accompanied by a good faith deposit of $200,000.00 (the "earnest Money Deposit") in cash or certified or cashier's check payable to the

        Debtor, which deposit shall be subject to the jurisdiction of the Bankruptcy Court, shall (if cash) be maintained by the Debtor in a segregated interest bearing account, and shall (a) be retained by the Debtor in the event the bidder(s) submit(s) the Accepted Offer(s) as defined below, which is approved by the Bankruptcy Court, but fails to consummate sale, or (b) be returned to such bidder(s) in the event the Bid(s) is not the Accepted Offer(s), or is not approved by the Bankruptcy Court

    v.  contain a provision that the bidder will adopt the Debtor's privacy policy with regards to personally identifiable information, including customer lists.

B.  The following terms and conditions shall (subject to Court approval) govern the conduct of the Auction Sale:

  a.  Upon receipt of any Bid(s) that satisfy(ies), in the opinion of the Debtor, the required terms and conditions set forth in the preceding paragraphs, the Debtor may communicate with such bidder(s) before the Auction, and such alternative bidder(s) shall provide to the Debtor on the next business day, after the Debtor requests therefor, any information reasonably required by the Debtor in connection with the Debtor's evaluation of such Qualifying Offer(s);

  b.  Prior to the Auction, if any, the Debtor will evaluate any Qualifying offer(s) received with respect to Asset Sale and will select the highest and/or best offer(s) for the Asset Sale from among such offers (the "Opening Offer(s)"). In considering any Qualifying Offer(s), the Debtor shall consider the value thereof to the Debtor's estate. If multiple bids in the same amount for the Asset Sale are received, the Debtor shall designate the order of bidding at the Auction;

  c.  Only those prospective bidders who have satisfied the conditions described above may participate in the Auction, if any. If an auction is held, all bidders shall appear at such Auction in person, or through a duly authorized representative. Before the commencement of the Auction, if any, each bidder or its representative shall be required to provide the Debtor conducting the auction with proof satisfactory to the Court that such bidder or representative is legally empowered, by power of attorney or otherwise, and financially capable to (a) bid on behalf of the prospective bidder(s), and (b) complete and sign, on behalf of the bidder(s), a binding and enforceable purchase agreement to acquire the Debtor's assets, and to perform its obligations with respect thereto;

    d. All bidders shall be deemed to have submitted to the exclusive jurisdiction of the Bankruptcy Court with respect to all matters related to the Auction;

    e. At the auction, all further overbids shall be in increments of no less than $50,000.00

    f. All Bids shall be "firm offers" and shall not contain any contingencies as to the validity, effectiveness and/or binding nature of the bid, including, without limitation, contingencies for financing, due diligence or inspection;

    g. If multiple bids satisfying all Auction requirements are received, each party shall have the right to continue to improve its bid at the Auction;

    h. Within one business day following Bankruptcy Court approval of the Asset Sale, the entity that makes the highest and best bid for the Debtor's assets, in the sole opinion of the Court (the "Accepted Offer"), shall complete and sign all agreement(s), contract(s), instrument(s) or other document(s) evidencing and containing the terms and conditions upon which such Accepted Offer was made;

    i. Subject to Bankruptcy Court approval following the Auction, the entity that makes the Accepted Offer shall be sold the Debtor's assets, pursuant to the proposed order attached to the Sale Motion and an executed asset purchase agreement; and

Notwithstanding anything contained herein to the contrary, if for any reason the entity that makes the Accepted Offer fails to consummate the purchase of the Debtor's assets on the date determined by the Debtor and such bidder, the bidder with the next highest and best bid will automatically be deemed to have submitted the Accepted Offer and, to the extent the Debtor consents, the Debtor and such bidder are authorized to effect the transaction contemplated herein as soon as is commercially reasonable. In such event, the Debtor will submit a proposed order to the Bankruptcy Court. If there are no objections to the sale within five (5) days of such service by the Debtor, the Bankruptcy Court will enter an order approving the next highest and best bidder without further notice or hearing. In such event, the Debtor specifically reserves the right

to seek all available damages from the defaulting bidder(s), including, without limitation, retention of the Earnest Money Deposit(s); and it is further

**ORDERED**, that the Debtor shall promptly provide notice of the sale of assets and these bid procedures in Furniture Today and in two additional trade publications.

Copies to:

Michael J. Lichtenstein, Esquire
Shulman, Rogers, Gandal,
   Pordy & Ecker, P.A.
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland 20854

Office of the United States Trustee
6305 Ivy Lane, Suite 600
Greenbelt, Maryland 20770

Steven L. Goldberg, Esquire
McNamee Hosea
6411 Ivy Lane, Suite 200
Greenbelt, Maryland 20770

Anthony Mazlish
5706 Surrey Street
Chevy Chase, MD  20815

Classic Sleep Products, Inc.
P.O. Box 1036
Charlotte, NC  28201

Cozzia USA/SVAGO Mftg
14515 E. Don Julian Road
La Puente, CA  91746

Fius Distributors
1750 55th Street, Unit D
Boulder, CO  80301

Golden Technologies
401 Bridge Street
Old Forge, PA  18518

Haworth
P.O. Box 905678
Charlotte, NC  28290

Herman Miller, Inc.
Attn: Gary Cochran, Credit Mgr
855 East Main Avenue
Zeeland, MI  49464

Human Touch, LLC
3030 Walnut Avenue
Long Beach, CA  90807

Jobri LLC
520 N. Division Street
Konawa, OK  74849

Leggett and Platt
P.O. Box 538385
Atlanta, GA  30353

McCarty's Sacro Ease LLC
3279 Industrial Avenue
Coeur D Alene, ID  83815

Nightingale Corp.
2301 Dixie Road
Mississauga, ONTARIO  L4Y1Z9

Northwood Capital Partners LLC
485 Underhill Boulevard
Syosset, NY 11791

Office Star Products
P.O. Box 148
Ontario, CA  91761

Orange Soda
732 E. Utah Valley Drive, #200
American Fork, UT  84003

Positive Posture
2125 32nd Street
Boulder, CO  80301

Pure Latex Bliss
510 River Road
Shelton, CT  06484

Technogel, Inc.
401 Wood Street, Suite 1400
Pittsburg, PA  15222

Tempur Pedic, Inc.
P.O. Box 632852
Cincinnati, OH  45263-2851

WTOP-AM/FM
3400 Idaho Avenue, NW, 2nd Floor
Washington, DC 20016

**END OF ORDER**