IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| IN RE: ) | |
| ) | |
| THE HEALTHY BACK STORE, LLC ) | Case No. 15-14653 WIL |
| ) | (Chapter 11) |
| Debtor ) | |

**DEBTOR'S MOTION FOR ORDER**
**APPROVING AND AUTHORIZING REJECTION OF SPRINT AGREEMENT**

The Healthy Back Store, LLC, debtor and debtor-in-possession herein (the "Debtor"), by and through its undersigned counsel, hereby moves, pursuant to 11 U.S.C. § 365 and Federal Rule of Bankruptcy Procedure 6006, for entry of an Order approving and authorizing the rejection of a cell phone agreement with Sprint ("Sprint"), and in support thereof states:

**Background**

1.  On April 1, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtor continues in the possession of its property and in the management and operation of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.  The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue of the Debtor's case and this matter is proper under 28 U.S.C. §§1408 and 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2).

3.  The statutory predicates for the relief sought herein are sections 365 and 105 of the Bankruptcy Code, as supplemented by Rule 6006 of the Federal Rules of Bankruptcy Procedure.

4.  Prior to the Petition Date, the Debtor operated nineteen (19) retail stores and three (3) warehouses in Maryland, Virginia, California, North Carolina, Florida, Colorado and

Kentucky. The Debtor sold ergonomic mattresses, adjustable beds, office, lounge and massage chairs, seat lift chairs, comfort accessories and other furniture.

5. During the pendency of its Chapter 11 liquidation, the Debtor sought authority to sell substantially all of its assets. On May 29, 2015, the Court entered an Order approving the sale of substantially all of Debtor's assets to Healthy Back Brand Holdings, LLC (the "Purchaser") and Debtor closed on the sale on June 1, 2015.

### The Sprint Agreement

6. Prior to the Petition Date, Debtor entered into a cell phone agreement (Account No. 49248211) with Sprint.

7. The Debtor has notified Sprint that it no longer needs its services.

8. The Debtor, in its business judgment, has determined that the Sprint agreement is burdensome and is of no further value to the estate.

### Requested Relief

9. By this motion, the Debtor requests authority, pursuant to 11 U.S.C. § 365(a) to reject the Sprint agreement as of June 2, 2015.

### Grounds for Requested Relief

10. Section 365(a) of the Bankruptcy Code is the statutory predicate with respect to a debtor's request to reject executory contracts and unexpired leases. Section 365(a) of the Bankruptcy Code provides, in pertinent part, "(a)...the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The right of a debtor to reject executory contracts and unexpired leases is fundamental to the bankruptcy system because it provides a mechanism through which financial burdens may be lifted while the debtor attempts to reorganize. Courts uniformly defer to the business

judgment of the debtor to determine whether rejection of an unexpired lease under § 365(a) is warranted.  <u>Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc.</u>, 756 F.2d 1043, 1047 (4th Cir. 1985).  Under the business judgment rule, the court's role is not to substitute its business judgment and the court should refuse to grant the debtor's request only in extremely limited circumstances or the proposed transaction falls below the lowest point in the range of reasonableness.

11. As the Debtor has sold substantially all of its assets, it does not have a need for the Sprint agreement.  Accordingly, after careful analysis, and in the exercise of its business judgment, the Debtor has determined and respectfully submits that rejection of the Sprint agreement is in the best interest of the bankruptcy estate and the creditors.

### Conclusion

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order authorizing and approving the rejection of the Sprint agreement as of June 2, 2015, and grant such other and further relief as may be just and proper.

Respectfully submitted,

**SHULMAN, ROGERS, GANDAL, PORDY & ECKER, P.A.**

By: /s/ Michael J. Lichtenstein
Michael J. Lichtenstein (Bar No. 05604)
12505 Park Potomac Avenue, Sixth Floor
Potomac, Maryland 20854
TEL:  (301) 230-5231
FAX:  (301) 230-2891
Email: mjl@shulmanroges.com
*Attorney for Debtor*

Dated:  June 2, 2015

6111668_1.doc